UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 25-cv-25988-DPG


BRIDLINGTON BUD LTD,

     Plaintiff,

  v.

THE PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

## FINAL DEFAULT JUDGEMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff Bridlington Bud Ltd.'s ("Bridlington") Motion for Entry of Default Judgment as to Certain Defendants  (the "Motion"). [ECF No. 22]. The Court granted the Motion in a separate Order, [ECF No. 24]. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate default final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Default Final Judgment is hereby entered in favor of Plaintiff Bridlington Bud Ltd., and against Defendants SnugHub, Moonyu, Modish Market, and HCXR (together, the "Defaulting Defendants").

2.    The Court **ENTERS** a permanent injunction against the Defaulting Defendants and **GRANTS** permanent injunctive relief as follows:

    a.    Defaulting Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby

**PERMANENTLY RESTRAINED** and **ENJOINED** from using Plaintiff's registered trademark in marketing, advertising, soliciting, selling or offering for sale, derivative or directly, which is not authorized by Plaintiff, and further infringing on Plaintiff's GJX trademark;

b. Defaulting Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant and those with notice of this Permanent Injunction, including, without limitation, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, Inc., sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates on which this Court imposed restraints under the Preliminary Injunction shall:

    i. immediately and permanently discontinue the use of the Plaintiff's trademark, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based ecommerce stores operating under the Seller Aliases; and

    ii. apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments.

3.  Statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(c) are determined to be $50,000 per type of product against each Defaulting Defendant, for which let execution issue, based upon the Court's finding that the Defaulting Defendants infringed on Plaintiff's registered trademark. The Court considered both the willfulness of the Defaulting Defendants' conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range under 15 U.S.C. § 1117(c).

4.  All funds currently restrained or held on account for all Defaulting Defendants by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Walmart, Inc., ("Walmart") PayPal, Inc., ("PayPal"), Payoneer, Inc. ("Payoneer") and their related companies and affiliates, are to be immediately (within five (5) business days) transferred by the previously referred to financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms and by the Defaulting Defendant, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defaulting Defendant. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, PayPal, Payoneer and their related companies and affiliates shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's

funds restrained prior to release; and (iii) the total funds released per Defaulting Defendant to the Plaintiff.

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The Court retains jurisdiction to enforce this Default Final Judgment and permanent injunction.

7. The Clerk is **DIRECTED** to **RELEASE** the bond posted by Plaintiff in the amount of $5,000.00, plus any accrued interest, to Plaintiff's counsel at Palmer Law Group, 110 East Broward Blvd, Suite 1700, Fort Lauderdale, FL 33301.

8. The Court **ORDERS** execution to issue for this Final Default Judgment.

9. All pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of May, 2026

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4

**Schedule A – Defaulting Defendants for Default Judgment (4 Defendants)**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|--------|----------------|--------------------------------|
| 1 | SnugHub | https://www.walmart.com/global/seller/102891342 |
| 2 | Moonyu | https://www.walmart.com/global/seller/102804826 |
| 3 | Modish Market | https://www.walmart.com/global/seller/102905346 |
| 4 | HCXR | https://www.walmart.com/global/seller/102791242 |
| 5 | **Excepted** | **Excepted** |