**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-25988-DPG**

**BRIDLINGTON BUD LTD,**

    **Plaintiff,**

  **v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

    **Defendants**.

_____/

**CONSENT FINAL JUDGMENT AND**
**PERMANENT INJUNCTION AS TO DEFENDANT NUMBER 5**

THIS CAUSE came before the Court on the Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant Number 5 [ECF No. 27]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

Plaintiff BRIDLINGTON BUD LTD ("Plaintiff") and Defendant Number 5 — Gesh ("Defendant Number 5") stipulate and consent to the following:

**WHEREAS**, Defendant Number 5 allegedly adopted and began using a trademark in the United States that infringes Plaintiff's registered GJX trademark identified in Paragraphs 1, 8, 14, 28, and 29 of Plaintiff's Complaint [ECF No. 1] (the "Plaintiff's Mark");

**WHEREAS**, Defendant Number 5's alleged use of names and marks incorporating Plaintiff's Mark is likely to cause confusion as to source or origin;

**WHEREAS**, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Plaintiff's good faith prior use of Plaintiff's Mark, Plaintiff has superior and exclusive rights in and to Plaintiff's Mark in the United States and any confusingly similar names or marks.

**IT IS STIPULATED, ORDERED, AND ADJUDGED as follows:**

1. The Motion for Consent Final Judgment and Permanent Injunction, [ECF No. 27], is **GRANTED**. Final Judgment is entered in favor of Plaintiff and against Defendant Number 5.

2. Defendant Number 5 and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby **PERMANENTLY RESTRAINED** and **ENJOINED** from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's Mark;

    b. using Plaintiff's Mark in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant Number 5 as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant Number 5 are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.   using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant Number 5;

g.   affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant Number 5 as being those of Plaintiff, or in any way endorsed by Plaintiff;

h.   offering such goods in commerce and from otherwise unfairly competing with Plaintiff;

i.   secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Mark; and

j.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

3.   Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorney's fees, costs, and such other relief deemed proper in the event of a violation or failure by Defendant Number 5 to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

4.      This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

5.      The parties have agreed to a settlement amount to be paid by Defendant Number 5 in order to settle all claims, as memorialized in the parties' settlement agreement ("Settlement Amount"). Pursuant to the parties' settlement agreement, Defendant Number 5 shall pay Plaintiff two thousand dollars ($2,000) in damages. Defendant Number 5 has elected to pay the Settlement Amount from funds currently restrained in its Walmart.com ("Walmart") accounts.

6.      Walmart is ordered to transfer the Settlement Amount from Defendant Number 5's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

7.      Upon Walmart's transfer of Settlement Amount to Plaintiff pursuant to paragraph 5, Walmart shall remove any restraints that were placed on Defendant Number 5's e-commerce stores and financial account pursuant to the Temporary Restraining Order [ECF No. 11].

8.      This case is dismissed as to Defendant Number 5 only, with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

9.      Each party shall bear its own attorney's fees and costs.

10.     This Court will retain continuing jurisdiction over this cause to enforce the terms of this permanent injunction.

11.     Walmart and its related companies and affiliates, shall (1) disburse the funds of Defendant Number 5 restrained pursuant to the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order, dated March 26, 2026 [ECF No. 11] (the "TRO"), as directed by Plaintiff's counsel; (2) upon transfer of the funds to Plaintiff as required herein, Walmart shall remove any restraints that were placed on the Defendant Number 5's Walmart accounts pursuant

4

to the TRO; and (3) return Defendant Number 5's accounts back to an unrestrained status in accordance with Walmart's operating procedures and contract for services with Defendant Number 5.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of May, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5